**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 13, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JOSEPH DiCESARE,

     Plaintiff - Appellant,

v.

CHEROKEE NATION; DAVID
BECK; DAVID POINDEXTER;
JAKE CALLIHAN,

     Defendants - Appellees.

No. 24-5085
(D.C. No. 4:24-CV-00295-CVE-MTS)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

This appeal stems from a dispute that took place in 1986 and 1987. The dispute allegedly began when two members of the Cherokee Nation (Jerry Staller and Bryan Budder) assaulted Joseph DiCesare. He responded, and the Cherokee Nation then allegedly harassed Mr. DiCesare and his

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

family. In 2024, Mr. DiCesare sued the Cherokee Nation and Delaware County.[1]

We held in *Nero v. Cherokee Nation of Oklahoma* that the Cherokee Nation enjoys sovereign immunity. 892 F.2d 1457, 1461 (10th Cir. 1989). So the district court dismissed the claims against the Cherokee Nation on jurisdictional grounds. Mr. DiCesare questions that ruling, but doesn't say how the district court misapplied our precedent recognizing the Cherokee Nation's sovereign immunity.

This ruling left the claims against Delaware County. For these claims, Mr. DiCesare invoked numerous civil and criminal statutes. But he didn't say how they applied. So the district court tried to discern the basis for the claims. Many of the claims involved allegations of discrimination, and Mr. DiCesare referred to a denial of equal protection. So the district court interpreted the complaint to arise under 42 U.S.C. § 1983 and concluded that the claims were barred by a two-year period of limitations.

On appeal, Mr. DiCesare insists that he didn't sue under § 1983, contending that he had pleaded claims under 42 U.S.C. § 1985(2), § 1985(3), and § 1986 by listing them in the complaint under a heading titled *Jurisdiction*. But these statutory claims carry a limitations period of

---

[1] In the complaint, Mr. DiCesare named Delaware County as a defendant "c/o" three commissioners, David Beck, David Poindexter, and Jake Callihan.

two years or less. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1212 (10th Cir. 2004) (stating that Oklahoma's two-year statute of limitations applies to § 1985 actions); 42 U.S.C. § 1986 (stating that actions under this section must be "commenced within one year after the cause of action has accrued"). So even if the district court should have considered § 1985(2), § 1985(3), or § 1986, Mr. DiCesare's claims would still be time-barred because

- the incidents underlying the claims occurred in 1986 and 1987 and

- he did not file the complaint until 2024.

In our view, the district court didn't err in dismissing the claims against the Cherokee Nation or Delaware County. So we affirm the dismissal.

Entered for the Court

Robert E. Bacharach
Circuit Judge